**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNY HARTANTO; JUITO HARTANTO, | No. 07-72670 |
| Petitioners, | Agency Nos. A078-020-389<br>A078-020-390 |
| v. | |
| ERIC H. HOLDER Jr, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Johny Hartanto, and his brother, Juito Hartanto, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of petitioners' asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). We reject petitioners' contention that the one-year time bar violates their due process and equal protection rights. *See Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163-65 (9th Cir. 2002) (rejecting due process and equal protection challenges to a statutory time limitation where limitation served a rational purpose). Therefore, we deny petitioners' asylum claim.

Substantial evidence supports the agency's determination that petitioners failed to establish past persecution, because the incidents they suffered did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995). Substantial evidence also supports the agency's determination that petitioners did not establish a clear probability of future persecution, because, even as members of a disfavored group, they did not demonstrate the requisite individualized risk. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003). Accordingly, we deny petitioners' withholding of removal claim.

Petitioners have failed to set forth any substantive argument regarding the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**